# UNITED STATES DISTRICT COURT
for the
Southern District of California

**FILED**
FEB 2 4 2020
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
) Case No.
Information associated with cellular telephone )
#3234075637; IMEI # 355720105885630, stored at the ) **20MJ8722**
premises controlled by T-Mobile )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

SEE ATTACHMENT A

located in the _____ District of ___NEW JERSEY___, there is now concealed *(identify the person or describe the property to be seized)*:

SEE ATTACHMENT B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 31 USC 5332, et al. | BULK CASH SMUGGLING, et al. |

The application is based on these facts:
SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Special Agent Andre Parisella, HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 2/24/2020

_____
*Judge's signature*

City and state: EL CENTRO, CALIFORNIA      Hon. Ruth Bermudez Montenegro, U.S. Magistrate Judge
*Printed name and title*

## ATTACHMENT A

T - Mobile hosts the electronic communication account associated with the telephone number (323) 407-5637 [and/or IMEI 355720105885630 that is the subject of this search warrant and search warrant application (the "Subject Account").

### T – Mobile Telecommunications

T-Mobile is an electronic communication service provider whose primary computer information systems and other electronic communications and storage systems, records, and data are located at 4 Sylvan Way, Parsippany, New Jersey 07504.

## ATTACHMENT B

**I.** Service of Warrant

The officer executing the warrant shall permit the Provider in Attachment A, as custodian of the electronic files described in Section II below, to locate the files and copy them onto removable electronic storage media and deliver the same to the officer.

**II.** Items to be Seized

Agents shall seize the following records, data, and information covering **November 1, 2019 to February 9, 2020** and maintained by the Provider for the subject account identified in Attachment A:

a. Subscriber information, including:
   i. Names;
   ii. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);
   iii. Local and long distance telephone connection records;
   iv. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;
   v. Length of service (including start date) and types of service utilized;
   vi. Telephone or instrument numbers, including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");
   vii. Other subscriber numbers or identities; and
   viii. Means and source of payment (including any credit card or bank account number) and billing records.

b. Records and other information about past wire or electronic communications sent or received by the subject account, including:

　　　i. the date and time of the communication;
　　　ii. the method of the communication;
　　　iii. the source and destination of the communication, such as the source and destination telephone numbers (call detail records), email addresses, or IP addresses; [and]
　　　iv. Cell site locations and sectors for all outgoing and incoming voice, SMS, MMS, and Data communications; [and]
　　　v. All available PCMD reports

which are evidence of violations of Title 31 U.S.C. § 5332, Bulk Cash Smuggling into or out of the United States; Title 31 U.S.C. § 5316 (a)(1)(A), Failure to File Report of Export of Monetary Instruments; Title 18 U.S.C. § 371 Conspiracy.

# AFFIDAVIT

I, Andre Parisella, being duly sworn, declare and state as follows:

## INTRODUCTION

1. This affidavit is in support of an application by the United States of America for a search warrant for T-Mobile, 4 Sylvan Way, Parsippany, New Jersey 07504, as described in Attachment A, to search the accounts associated with the following cellular telephone number and International Mobile Equipment Identity ("IMEI") number:

2. Phone #3234075637; IMEI # 355720105885630 (hereafter referred to as "TT-1") for subscriber information, telephone toll data, and historical cell-site geolocation data from November 1, 2019 to February 9, 2020.

3. There is probable cause that these records and information constitute evidence of violations of Title 31 U.S.C. § 5332, Bulk Cash Smuggling into or out of the United States; Title 31 USC § 5316 (a)(1)(A) Failure to File Report of Export of Monetary Instruments, Title 31 USC § 1956 Money Laundering and Title 18 U.S.C., § 371 Conspiracy (collectively, the Target Offenses), as described in Attachment B. This affidavit and application are sought pursuant to Rule 41 of the Federal Rules of Criminal Procedure and 18 U.S.C. § 2703(a), which applies to providers of electronic communication services. In this case, as will be shown below, T-Mobile provides electronic communication services in the form of cellular and wireless telephone service for the subject account.

4. The following is based on my own personal knowledge; knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers; my review of documents and records related to this investigation; communications with others who have personal knowledge of the events and circumstances described herein; and information gained through my training and experience. Since this affidavit is for a limited purpose, I have not included every fact I

know about this investigation. I set forth only facts necessary to establish a foundation for the requested warrant. Dates and times are approximate.

## EXPERIENCE AND TRAINING

5. I am a Special Agent ("SA") and am currently employed with the United States Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI) and have been so employed since September 2016. Since May 2017, I have been assigned to the Financial/CPI/Cyber group in El Centro, California. I work with a team of special agents on investigations relating to financial crimes, cybercrimes and counter proliferation investigations. During my tenure with HSI I have worked on a number of other types of investigations, including commercial fraud, drug smuggling, bulk cash smuggling, structuring, and money laundering. Prior to my employment with HSI, I worked as a police officer for two municipal and city police departments. I have also conferred with other Special Agents who have expertise and experience in firearms investigations and digital evidence.

6. Through the course of my training, experience, investigations, and conversations with other law enforcement personnel, I am aware that it is a common practice for those involved with smuggling currency to work in concert with other individuals. They maintain communications with each other and further their criminal activities by utilizing social networking and messaging applications like WhatsApp Messenger on digital devices like tablets, cellular telephones, smartphones and computers. I am also aware that:

a. Individuals involved in smuggling currency will use cellular phones and different electronic devices because it allows access to send instant messages and communicate with other co-conspirators easily;

b. Individuals involved in smuggling currency will use cellular telephones to move their contraband to different physical locations, i.e. houses, apartments, vehicles and storage facilities.

c. Individuals involved in smuggling currency will use cellular telephones to communicate with co-conspirators to easily arrange and/or determine what time their illegal cargo will arrive at predetermined locations;

d. Individuals involved in smuggling currency will use their cellular telephone or electronic device to actively monitor the progress of their illegal cargo while the conveyance is in transit;

e. Individuals involved in smuggling currency will use their cellular telephones to notify or warn their accomplices of law enforcement activity to include the presence and posture of marked and unmarked units, as well as the operational status of checkpoints and border crossings; and

f. The use of cellular telephones by smugglers tends to generate evidence that is stored on the corresponding Service Provider network that may show meet up and/or drop off locations via GPS data.

7. Based on my training and experience, and my consultation with other law enforcement officers, I am aware that T-Mobile routinely collects and stores data for the electronic communication accounts to which it and other providers issue telephone numbers. The data includes: (i) subscribers' contact and billing information; (ii) detailed information concerning subscribers' incoming and outgoing telephone calls; (iii) detailed information concerning subscribers' outgoing direct calls, text message, and SMS messages; and (iv) detailed information concerning cell-site geo-location data.

8. In particular, I know that cell phones connect to a provider's network through cell towers or cell sites. The particular tower or site may change as a phone moves from one location to another. Providers automatically record and retain this connection data as part of the subject account. Records and data identifying the towers or sites to which a phone connected therefore tend to identify the phone's and phone user's location at particular times.

## PROBABLE CAUSE

9. On or about February 9, 2020, at approximately 1135hrs, Customs and Border Protection (CBP) officers at the Calexico East Port of Entry (POE) prepared to initiate a "blitz" on southbound vehicle traffic. The "blitz" was a result of a Border Patrol report that agents were following a 2007 grey Chevy Tahoe (Tahoe) bearing California registration 8CCE253 to the POE and the Tahoe was suspected of currency smuggling. At approximately 1145hrs, Customs and Border Protection Officer (CBPO) Estrada was made aware of the Tahoe's imminent arrival. At 1146 hours, the Tahoe was out bounded at the Calexico California East POE going outbound. CBPO Espinosa made contact with the driver of the Tahoe, Luis Fernando Perez (PEREZ) a United States citizen. CBPO Espinosa obtained a negative customs declaration from PEREZ. During the "blitz" a Canine Enforcement Officer (CEO) Chin and their K9 screened the vehicles that were out bounded. CEO Chin's K9 alerted to the Tahoe. PEREZ was detained and led to secondary for further inspection. PEREZ declared a small amount of marijuana on his possession.

10. While in secondary the Tahoe was scanned through the Z-portal. CBPO Aguirre noticed anomalies on the rear right side quarter panel of the image. Upon further inspection officers found U.S. currency in thirty-four (34) packages wrapped in duct tape with the words "RIVAS" and "CAMIL" written in black marker. $1608 of U.S. currency was found on PEREZ's person. The cash totaled $537,388 USD.

11. In a Mirandized, post arrest interview, PEREZ acknowledged that he knew it was illegal to Bulk Cash Smuggle. PEREZ explained that he smuggled currency twice prior to being caught on February 9th. PEREZ explained that he previously smuggled currency on Saturday, February 1 and Saturday, January 25, 2020. PEREZ further explained that the contact "Chino" in his phone was a co-conspirator. PEREZ also explained he would not give specifics about where he picked up the currency nor provide the names of who was involved due to concerns for his family's safety.

4

Tracker - Cell Phone Affidavit

12. PEREZ was subsequently arrested for 31 USC 5332 Bulk Cash Smuggling and transported to Imperial County Jail to be booked. PEREZ's initial appearance was on February 10, 2020 in case # 20-mj-08498. Arraignment is set for March 5, 2020.

## SIGNED CONSENT TO SEARCH FORM

13. On February 9, 2020, PEREZ gave consent to allow HSI agents to search his Samsung cellphone. PEREZ signed a Homeland Security Investigations Consent to Search Form at approximately 4:08PM. SA Davila and I signed as witnesses. PEREZ claimed ownership and claimed TT-1 was associated to the phone. On February 10, 2020, Computer Forensic Agent (CFA) Matt Ladisa, provided me with a disc continuing data extraction from PEREZ's Samsung cellphone.

## IDENTIFICATION OF CHINO

14. On February 11, 2020, I observed Chino's contact in PEREZ's phone extraction. Chino's phone number was recorded as 526863072968.

## IMAGE #5309848625217163063

15. On February 11, 2020, I observed Image #5309848625217163063 from PEREZ's phone data extraction. The image was a screen shot of a text message from Friday, November 29-30th 2019, between CHINO +526861878967 and unknown user (presumably PEREZ). (See below.) The text messages were translated by Group Supervisor Leticia Navarro from Spanish to English. I believe the text message exchange may be evidence of an agreement to commit criminal activity in furtherance of bulk cash smuggling. Specifically, PEREZ admitted to me during his post-arrest interview that Chino was part of a conspiracy to bulk cash smuggle. In the text exchange between Chino and the User (believed to be PEREZ), Chino told the User to work out some unknown arrangement with a third party and report back to Chino.

| | |
|---|---|
| CHINO: 6197173395 con wuero departe de chino (Friday, November 29, 2019 at 2:53PM) | 6197173395 with wuero from chino |

| | |
|---|---|
| USER: Como le va (Friday, November 29, 2019 at 3:44PM) | how are you doing |
| USER: Aca llegue con la tia pero tiene vicita oiga podria mirar a wero asta manana temprano? (Friday, November 29, 2019 at 3:45PM) | over here with the aunt but there are visitors hey could I see wero until tomorrow early? |
| CHINO: si esta bien (Friday, November 29, 2019 at 3:46PM) | yes that is fine |
| USER: Ok yo me report (Friday, November 29, 2019 at 3:46PM) | ok I will report |
| CHINO: pongase de acuerdo ahorita con el (Friday, November 29, 2019 at 3:46PM) | get in agreement with him now |
| USER: Ok (Friday, November 29, 2019 at 3:46PM) | Ok |
| USER: Aki estoy con wero ahorita me report de con mi tia (Saturday, November 30, 2019 at 11:54AM) | I am here with wero will soon report with my aunt |
| CHINO: ok SDQ (Saturday, November 30, 2019 at 11:56AM) | Ok god willing |

## PEREZ TECS CROSSINGS

16.   On February 12, 2020, I queried PEREZ using the CBP TECS System. PEREZ has five hundred encounters with CBP from August 23, 2012, to February 19, 2020. PEREZ has previously crossed at Calexico California West and East, Tecate, Miami Airport, JFK Airport Ports of Entry. More recently, PEREZ has crossed via pedestrian and vehicle lanes at the Tecate, Calexico East and West POE on January 3rd, 10th 17th, 18th and 24th 2020 and February 2nd and 8th 2020.  A subsequent registration query via NLETS revealed the Tahoe is registered to Perez Luis Fernando, 1139 E 68th Street Apt 9 Los Angeles California 90001.

17.   During the post-arrest interview PEREZ provided agents with the following address for his wife Elizabeth Armenta, living in Mexicali; Elizabeth Armenta (Wife), 1687 Constitucion, Larivera, Mexicali Mexico.

6

Tracker - Cell Phone Affidavit

## NEED FOR HISTORICAL TRACKING INFORMATION

18. I believe PEREZ and other co-conspirators, conspired to violate the Target Offenses. To aid the investigation in, we believe it is necessary to determine where he has traveled to. To date, all previous efforts have met with negative results. I believe there is probable cause that historical GPS tracking locations of TT-1 would help to locate where PEREZ's stash houses and co-conspirators are residing/located in the United States.

19. GPS tracking has proven to be an invaluable tool in assisting and in substituting for the actual physical surveillance of criminal suspects in past investigations. Aided by historical tracking information, agents conducting background checks and queries on locations have been able to track the whereabouts of co-conspirators related to criminal activity without having to closely and constantly follow them. The use of this tracking information will provide law enforcement the ability to know exactly where TT-1 was located from November 1, 2019 to February 9, 2020.

20. I also know that different providers use the speed with which signals travel between cell phones and cell towers ("per call measurement data," or "PCMD"), as well as other data, to better calculate and record the location of phones accessing their networks. Different providers may use different terminology to describe PCMD. For example, AT&T has referred to the resulting location information as "NELOS" data; Verizon, as "Real Time Tool" or "RTT" data; Sprint, as PCMD; and T-Mobile, as "timing advance" data.

21. This application requests such per call measurement data (by whatever name the provider uses) for the TAGRET TELEPHONE 1 for the following date and time range: November 1, 2019 to February 9, 2020. During this time period, the subscriber for the subject account is believed to have been operating in and around the vicinities of Los Angeles, Riverside, Orange, San Bernardino, San Diego, and Imperial Counties, located in the Southern California region.

22. I have confirmed that TT-1/cellular device is equipped with technology that sends GPS/Precision location data to the cellular provider. This equipment provides a link between the TT-1/cellular device and T-Mobile, where the GPS mobile tracking equipment generates a signal that fixes the telephone's geographic position. The signal is then read by satellite, which transmits the location information in a form that their computer systems are able to calculate.

23. Given these facts, I seek a warrant to search TT-1 for the records and information in Attachment B.

## PRIOR ATTEMPTS TO OBTAIN THE INFORMATION

24. The United States attempted a data extraction from a Samsung device with TT-1. No cell site GPS location data of investigative value has been derived or reported from the extraction, as of this date.

## REQUEST FOR PRECLUSION OF NOTICE & SEALING

25. This is an ongoing investigation, which I believe if notice of this warrant were served on the user and/or subscriber immediately, it could result in flight from prosecution, destruction of evidence, or otherwise seriously jeopardizing the ongoing investigation by co-conspirators. Accordingly, this application requests that the accompanying warrant and related materials be sealed until further order of the Court. In addition, pursuant to 18 USC § 2705(b), it is requested that this Court order T-Mobile not to notify anyone of the existence of this warrant, other than its personnel essential to compliance with the execution of this warrant until August 18, 2020, absent further order from this Court.

//
//
//
//
//
//

8

Tracker - Cell Phone Affidavit

## CONCLUSION

26. WHEREFORE, I request that the Court issue the warrant for historical tracking information of the above-mentioned TT-1.

_____
Andre Parisella, Special Agent
Homeland Security Investigations

Subscribed and sworn to before me this 24th day of February 2020.

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES MAGISTRATE JUDGE

9

Tracker - Cell Phone Affidavit

Case 2:20-mj-08722-RBM   Document 1   Filed 02/24/20   PageID.14   Page 14 of 16

## ATTACHMENT A

T - Mobile hosts the electronic communication account associated with the telephone number (323) 407-5637 [and/or IMEI 355720105885630 that is the subject of this search warrant and search warrant application (the "Subject Account").

### T – Mobile Telecommunications

T-Mobile is an electronic communication service provider whose primary computer information systems and other electronic communications and storage systems, records, and data are located at 4 Sylvan Way, Parsippany, New Jersey 07504.

## ATTACHMENT B

**I.** Service of Warrant

The officer executing the warrant shall permit the Provider in Attachment A, as custodian of the electronic files described in Section II below, to locate the files and copy them onto removable electronic storage media and deliver the same to the officer.

**II.** Items to be Seized

Agents shall seize the following records, data, and information covering **November 1, 2019 to February 9, 2020** and maintained by the Provider for the subject account identified in Attachment A:

a. Subscriber information, including:
    i. Names;
    ii. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);
    iii. Local and long distance telephone connection records;
    iv. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;
    v. Length of service (including start date) and types of service utilized;
    vi. Telephone or instrument numbers, including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");
    vii. Other subscriber numbers or identities; and
    viii. Means and source of payment (including any credit card or bank account number) and billing records.

b. Records and other information about past wire or electronic communications sent or received by the subject account, including:

      i. the date and time of the communication;
     ii. the method of the communication;
    iii. the source and destination of the communication, such as the source and destination telephone numbers (call detail records), email addresses, or IP addresses; [and]
    iv. Cell site locations and sectors for all outgoing and incoming voice, SMS, MMS, and Data communications; [and]
     v. All available PCMD reports

which are evidence of violations of Title 31 U.S.C. § 5332, Bulk Cash Smuggling into or out of the United States; Title 31 U.S.C. § 5316 (a)(1)(A), Failure to File Report of Export of Monetary Instruments; Title 18 U.S.C. § 371 Conspiracy.